UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED VEGIA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-332 |
| | § | |
| MIGUEL MARTINEZ, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING APPLICATION
## FOR A PRELIMINARY INJUNCTION

In this § 2254 petition, Petitioner challenges his Nueces County conviction and seven-year sentence for possession of cocaine with the intent to distribute (D.E. 1). Service of process was ordered October 1, 2014 (D.E. 10). Petitioner filed a motion for a preliminary injunction, requesting release on parole because the Parole Board is retaliating against him and denying him parole for challenging his conviction (D.E. 7).

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Plaintiff must

1 / 2

carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

Petitioner's opinion that he is being denied parole because he challenged his conviction is not sufficient to warrant injunctive relief. He states no facts in support of his opinion. Petitioner fails to explain how the Texas Board of Pardons and Paroles (the Parole Board) was even aware that he was challenging his conviction. Service of process on the Attorney General (not the Parole Board) was not even ordered until October 1, 2014, two days ago.

Even if Petitioner could demonstrate that the Parole Board refused to release him because of his legal challenge to his conviction, this Court has no authority to order Petitioner's release on parole. *See Ex Parte Geiken,* 28 S.W.3d 553, 556 (Tex.Crim.App. 2000) (the decision to release an inmate on parole remains within the discretion of the Parole Board, citing *Ex Parte Rutledge,* 741 S.W.2d 460 (Tex.Crim.App. 1987), *overruled on other grounds by Ex Parte Hallmark,* 883 S.W.2d 672, 674 (Tex.Crim.App. 1994)); *see also Alamo v. Clay*, 137 F.3d 1366, 1368 (D.C. Cir. 1998) ("neither this court nor the District Court has authority to grant parole").

Accordingly, Petitioner's motion for a preliminary injunction (D.E. 7) is DENIED.

ORDERED this 3rd day of October, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE