UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALFRED VEGIA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-332 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND RECOMMENDATION**

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Dominguez State Jail in San Antonio, Texas. The actions about which he complains occurred in Nueces County, Texas. Proceeding *pro se*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on July 31, 2014.[1] The underlying conviction which is the subject of the petition is a 2008 Nueces County conviction for possession with intent to deliver cocaine. Petitioner claims that his sentence is being calculated incorrectly and has been improperly extended in violation of the Constitution. Respondent filed a motion for summary judgment on November 17, 2014 (D.E. 12), to which Petitioner filed a Motion for Time Relief Grant" on November 21, 2015 (D.E. 14),[2] and a response on November 26, 2014

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on July 31, 2014 and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

[2] In Petitioner's Motion for Time Relief Grant (D.E. 14), he appears to be requesting relief on the merits of his claim because of Respondent's failure to timely file a responsive pleading. The Order for Service of Process was issued and served on October

(D.E. 15). For the reasons set forth below, it is recommended that Respondent's motion for summary judgment be granted and Petitioner's motion for relief and application for habeas corpus relief be denied. It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Petitioner was convicted in Nueces County, Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted in the 28th District Court of Nueces County, Texas on August 8, 2007 and reindicted on November 1, 2007 on one count of possession with intent to deliver four to two hundred grams of cocaine. *Ex Parte Vegia*, WR-80,880-01, Event Date: 01/31/2014 at 40-41 (D.E. 13-5 at 44-45). On January 16, 2008, Petitioner entered an open guilty plea and the court assessed a seven-year sentence. *Id.* at 29-30 (D.E. 13-5 at 33-34). Petitioner was given credit toward his sentence from November 23, 2007.

Petitioner was released to mandatory supervision on May 22, 2010. *Ex Parte Vegia*, WR-80,880-01, Event Date: 06/16/2014 at 11-12 (D.E. 13-7 at 14-15). A pre-revocation warrant was issued on January 13, 2012 and executed on February 20, 2012. Petitioner was in jail from February 20, 2012 until April 11, 2012, a period of one month

---

1, 2014 (D.E 10). The 45-day deadline fell on Saturday, November 15, 2014. The responsive pleading was timely filed on Monday, November 17, 2014 (D.E. 12). FED. R. CIV. P. 6(a)(1)(C).

and twenty-three days, when the warrant was withdrawn. A second pre-revocation warrant was issued and executed on July 13, 2012 and Petitioner has been incarcerated since that time (*Id.*)

When Petitioner returned to prison, he was not given credit toward his sentence for his street time.[3] His original projected maximum discharge date was November 23, 2014 and his current maximum discharge date is February 1, 2017 (*Id.*)

Petitioner filed a request to have the street time credited to his sentence through the TDCJ-CID Time Dispute Resolution Office but his request was denied (*Id.*) He sought relief via a habeas corpus petition filed in state court, but on July 23, 2014 the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing. *Ex Parte Vegia*, WR-80,880-01 at "Action Taken" page (D.E. 13-1).

In this application for habeas relief, Petitioner makes the following arguments: (1) His right to due process was violated when his sentence was amended upon his return to prison; (2) TDCJ-CID lacked authority to sentence him to an additional two years and four months incarceration; (3) Prison authorities and the Board of Pardons and Parole have unlawfully extended his sentence and (4) His sentence should not have been extended without his having been found guilty at another trial.

Respondent contends that the law in effect at the time Petitioner committed his offense and also when his parole was revoked only allowed credit for street time under

---

[3] "Street time" credit refers to calendar time a person receives toward his sentence for days spent on parole or mandatory supervision. *Ex Parte Spann*, 132 S.W.3d 390, 392, n. 2 (Tex. Crim. App. 2004).

specific circumstances which Petitioner did not meet. Respondent concedes that the petition as he interprets it is timely, exhausted and not barred by limitations. Petitioner responds that he did meet the criteria and that his sentence is being calculated incorrectly.

## APPLICABLE LAW

### A.  Standard of Review

Under the AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000). Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely

"incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, 120 S.Ct. at 1522-1523).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. Then it must ask whether it is possible that fair-minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S.Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court litigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id.* "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-787.

If a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court

decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999). A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id.* In addition, "where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S.Ct. at 784.

## B. Time Credit Calculation

Petitioner claims he was denied street time credit when he was readmitted to TDCJ-CID custody after violating the terms of his parole and that the denial is a violation of his constitutional rights. Petitioner's argument requires a determination of whether he has a liberty interest in the awarding of his street time credit. *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001)(overruled on other grounds by *Ex Parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003). Liberty interests emanate from either the Due Process Clause itself or from state law. *Id*. (citing *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." . . . Only those state-created substantive interests that "inevitably affect the

duration of [a prisoner's] sentence may qualify for constitutional protection." *Thompson*, 263 F.3d at 425 (citing *Sandin v. Conner*, 515 U.S. 472, 484 and 487 (1995)).

There is no federal constitutional right to credit for street time spent on mandatory supervision prior to its revocation. *Thompson* 263 F.3d at 426. *See also Campos v. Johnson*, 958 F.Supp. 1180, 1192 (W.D. Tex. 1997)("It has been clear in this Circuit for almost three decades that a Texas prisoner has no constitutionally-protected right to credit against his state sentence for time served on parole prior to revocation of same."). Thus, any due process claim petitioner might have must be grounded in state law.

The Texas Government Code in effect at the time of petitioner's release provided the following in regard to prisoners receiving credit for street time when their parole is revoked:

> (b) If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.
>
> (c) If the parole . . . of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov't Code § 508.283 (West 2004). Section 508.149(a) of the Texas Government Code describes offenses which preclude an inmate from being released to mandatory supervision. Looking at the two statutes together, in order to determine whether to award street time credit, TDCJ-CID determines (1) whether the person is described by Section 508.149(a) of the Texas Government Code and (2) meets the calculation criteria.

The Fifth Circuit Court of Appeals has recognized that §508.283, which was revised in 2001, might have created a protected liberty interest in retention of street time credit by some prisoners whose release was revoked after September 1, 2001. *Whitley v. Dretke*, 111 Fed. App'x 222, 223, 2004 WL 1895117 (5th Cir. 2004)(unpublished). Several district courts have observed the *Whitley* holding. *See e.g.,. Miller v Thaler*, No. H-10-0496, 2010 WL 3199357 (S.D. Tex. 2010) and *Lambeth v. Quarterman*, No. G-08-2225, 2008 WL 4850197 (S.D. Tex. 2008). Petitioner's offense is not one of those described in the Texas Government Code and it is assumed that he has a liberty interest in having his street time credited to his prison sentence if he meets the calculation criteria.

In *Ex Parte Spann*, 132 S.W.3d 390, 392-393 (Tex.Crim.App. 2004), the Texas Court of Criminal Appeals explained the calculation found in Tex. Gov't Code §508.283(c): If, on the summons date, the remaining portion of an applicant's sentence is greater than the time spent on parole, he receives no street-time credit for the time spent on parole. If, however, on the summons date, the remaining portion of an applicant's sentence is less than the time spent on parole, he receives street-time credit for the

amount of time spent on parole. "Remaining portion" in § 508.283(c) refers to that part of the sentence remaining at the release date, less time spent on parole. *Id.* at 396.

When Petitioner was released on parole on March 22, 2010, he had served two years, three months and twenty-nine days of flat time and had four years, eight months and one day remaining on his sentence. Petitioner was out of custody for two years, two months and ten days. The remaining portion of his sentence was the difference between the time remaining on his sentence minus the time he spent on parole, or two years, five months and twenty-one days. Because the remaining portion of his sentence is more than the time he spent out of custody on parole, he is not eligible for street time credit.

Petitioner does not argue with the calculation, but asserts that although the pre-revocation warrant issued on July 13, 2012, his parole was not actually revoked until December 17, 2012. If that date were used to calculate his remaining sentence, he would qualify for the street time credit. However, the statute clearly describes the issuance of the warrant or summons, rather than the actual revocation, as marking the end of the parole period. Tex. Gov't Code Ann. § 508.283(c); *Spann*, 132 S.W.3d at 393, n. 6.

Based on the foregoing, Petitioner has failed to show that the state court determination in his case is unreasonable under the AEDPA standard. Accordingly, it is recommended that Petitioner's habeas corpus cause of action be denied.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the

issue of whether he is entitled to a COA will be addressed. See *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be denied on the merits. The calculations made by the state officials involve a straightforward application of state law. Reasonable jurists would not find the assessment of the constitutional claim debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion for summary judgment and (D.E. 12) be GRANTED and Petitioner's Motion for Time Relief Grant (D.E. 14) and his application for habeas corpus relief be DENIED. It is further recommended that a Certificate of Appealability be DENIED.

Respectfully submitted this 16th day of March, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).